## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 92–cr-30116-SMY |
| | ) | |
| | ) | |
| ALBERT A. RICHARDSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Defendant Albert Richardson was convicted of conspiracy to distribute cocaine base in January 1993.  He was sentenced to 120 months imprisonment and 60 months of supervised release. Richardson's supervised release was revoked in December 1998 and he was sentenced to 45 months imprisonment (Doc. 129).  He was released in 2002.

In 2008, Richardson pleaded guilty to distribution and possession with intent to distribute heroin and being a felon in possession of a firearm.  *See USA v. Richardson*, Case No. 06-cr-30029-MJR.  He was sentenced to 70 months on each count and 36 months of supervised release (*Id.* at Doc. 45).  Richardson completed his sentence in 2017.

In April 2018, Richardson was charged with one count of being a felon in possession of a firearm.  *See USA v. Richardson*, Case No. 18-cr-30066-NJR.  On January 29, 2019, following a jury trial, he was convicted and sentenced to 96 months imprisonment and 36 months of supervised release (*Id.*  at Doc. 57).  Richardson now moves for a Writ of Error Coram Nobis, asserting that the sentence he received in case 18-cr-30066-NJR was influenced by his alleged invalid conviction and sentence in 1993.  He moves to vacate the 1993 sentence (Doc. 133).

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to Section 2255:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.  Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted) (emphasis in original).  *See also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion").

Richardson's motion is essentially a habeas petition seeking relief from a conviction and sentence he completed 17 years ago.  Richardson cannot challenge his 1993 sentence in a habeas petition because he is no longer "in custody" on that conviction.  *See Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (As a general matter, if a petitioner is no longer serving the sentences imposed pursuant to the conviction challenged in a petition, he cannot bring a federal habeas petition directed at that conviction).  The fact that a prior conviction may have been utilized to enhance the sentence in a new case is inconsequential.  *Stanbridge*, 791 F.3d at 718.  Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 18, 2020**

**STACI M. YANDLE**
**United States District Judge**